2022 IL App (1st) 220240-U
No. 1-22-0240
Order filed March 14, 2022

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 21 C5 50001-01 |
| | ) | |
| WANDA EVANS, | ) | |
| | ) | The Honorable |
| Defendant-Appellant. | ) | Steven Rosenblum, |
| | ) | Judge, presiding. |

PRESIDING JUSTICE HYMAN delivered the judgment of the court.
Justices Pucinski and Walker concurred in the judgment.

**ORDER**

¶1    *Held*:    Circuit court judgment denying Evans's motion for bond reduction vacated.

¶2    The State charged Wanda Evans with one count of retail theft for allegedly taking about $750 of merchandise past the point of sale without paying for it. The parties discussed setting bond. Evans's public defender explained that she is 58 years old, lives with her Godmother, and planned to start a new job before her arrest. Evans personally had only $200 to post for bond.

¶3 Then Evans's counsel volunteered that her criminal history, while "atrocious." is mainly nonviolent. Almost every felony conviction involved retail theft, and most of her misdemeanor convictions involved prostitution or theft. Evans also had a history of several bond forfeitures and one conviction for escape from electronic monitoring from 2015. Based on the State's summary of this history, the trial court found: "It is outrageous. It is outrageously atrocious." The court explained it was inclined to "detain her," but instead set bond at $250,000.

¶4 Evans then filed a verified motion to reconsider and reduce bond. The motion argued the trial court had failed to adequately consider Evans's ability to pay and had failed to heed the statutory presumption in favor of pretrial release. A new judge considering Evans's motion agreed with the first that "there really should not be any bail." Finding that Evans was "on parole for a retail theft when committing this crime" and that her "actions appear to be prolific," the court denied the motion to reduce bond. Evans appealed.

¶5                                          Analysis

¶6 Evans asks us to reduce bond to $10,000 plus electronic monitoring. In addition to the arguments contained in her motion to reconsider, she points us to recently enacted bail reform legislation eliminating monetary bail except in enumerated circumstances. See Pub. Act 101-0652 (eff. July 1, 2022) (adding 725 ILCS 5/110-1.5). The new law also limits the circumstances under which a defendant can be held in custody pretrial. *Id.* (amending 725 ILCS 5/110-2). Although Evans did not, we note that the new law rejects "simple past non-appearance" as "evidence of future intent to evade prosecution." *Id.* (amending 725 ILCS 5/110-1). The State reminds us that this law is not yet in effect and emphasizes Evans's criminal history and past bond forfeitures to demonstrate "no other conditions" will reasonably assure Evans's presence in court.

¶7      The bail statutes, as currently written, require a liberal construction in favor of non-financial conditions of bond. 725 ILCS 5/110-2 (West 2020) (courts should "rely[ ] upon contempt of court proceedings or criminal sanctions instead of financial loss to assure the appearance of the defendant."). Courts should impose a monetary bond when "no other conditions of release will reasonably assure the defendant's appearance in court." *Id.* When determining whether to set a monetary bond and what the amount, courts consider a host of factors too numerous. *Id.* § 110-5(a). As best we can tell from the record, the trial court focused on two factors: (i) the fact that Evans committed the present offense while on parole and (ii) Evans's "prolific" criminal history.

¶8      The factors the trial court considered were proper. Indeed, Evans has a lengthy criminal history and was on parole when she committed the current offense. We conclude, however, the trial court overemphasized Evans's history in light of the nature of the current offense and did not adequately consider "other conditions of release" that may assure her appearance in court. See *Id.* § 110-5(a-5) (explaining bond conditions should be "least restrictive *** necessary" and suggesting, among other things, electronic monitoring as possible condition).

¶9      Most factors listed in Section 110-5(a) focus on the nature of the defendant's current crime, including whether it was violent, whether a weapon was involved, and the nature of the victim. Here, those facts are particularly mitigating. Evans allegedly stole about $750 in merchandise. Still, she did not attempt to conceal her departure from the store and did not even make it out of the parking lot before a loss prevention associate apprehended her without an apparent confrontation. In short, Menard's suffered no pecuniary loss. So while the alleged crime was completed when Evans passed the point of sale, this was an unsuccessful, nonconfrontational theft.

¶10     Nothing in the record indicates that Evans's criminal history contains offenses more severe than the present one. Indeed, we are disturbed by her counsel's decision to offer—unprompted—

the adjective "atrocious" to describe her criminal history. Our review shows that her record is certainly voluminous rather than "atrocious," a term aligned with "vile," "heinous," and "vicious." Worse for Evans, the trial court seized on defense counsel's proffered adjective as a reason to deny bond initially. The judge who denied the motion to reconsider had less colorful language to describe Evans's history, though we still do not think her history supports the court's musing that "there really should not be any bail." Length of a defendant's criminal history and the severity of that same history are separate considerations.

¶11   The trial court also denied Evans's motion to reconsider without offering a reason for denying her request to include electronic monitoring as part of the trade-off for lower bail. Evans's conviction for violating electronic monitoring is almost a decade old. That does not foretell how she would comply with electronic monitoring today.

¶12   In addition, the State points to evidence of Evans's previous bond forfeitures. No matter the conditions of bond, she would violate them if she committed a new offense. As far as we can tell, both 2020 bond forfeitures involved committing new offenses; no evidence indicates that Evans would fail to appear for remote proceedings even though some evidence suggests she may fail to appear for in-person proceedings.

¶13   Our discussion illustrates that the trial court could have considered less restrictive options for bond and did not do so. The court did not entertain the possibility of electronic monitoring or, as best we can tell, ability to pay. Accordingly, we vacate the trial court's order denying Evans's motion to reconsider bond and remand for reconsideration of less restrictive alternatives in light of the particularly low actual and societal harms caused by Evans's present offense.

¶14   Order vacated; cause remanded.